Argued May 9, resubmitted on briefs October 9, affirmed
December 12, 1974

# MYERS, *Respondent, v.*
# STROUD ET UX, *Appellants.*

529 P2d 384

*George VanNatta,* of VanNatta & Petersen, St. Helens, argued the cause and filed a brief for appellants.

*Harold L. Olsen* of Vagt, Olsen & Coon, St. Helens, argued the cause and filed a brief for respondent.

Before O'CONNELL, Chief Justice, and MCALLISTER, HOLMAN, TONGUE, HOWELL, BRYSON and SLOPER, Justices.

O'CONNELL, C. J.

This is a suit in equity to obtain specific performance of an earnest money agreement in which defendants agreed to convey to plaintiff a house and lot. The trial court denied the relief requested and entered a decree removing the cloud cast upon defendants' title arising from plaintiff's claim. Defendants contended that they were entitled to attorney's fees by the terms of the earnest money agreement. The trial court denied defendants' request for attorney's fee. Defendants appeal, raising as the only issue the court's denial of attorney's fees.

Defendants did not include in the record brought up on appeal the transcript of testimony. The record does contain a transcript of the trial judge's explanation of the basis for his holding that plaintiff was not entitled to specific performance and that defendants were not entitled to attorney's fees. The trial court interpreted the evidence as showing that the parties had never consummated a contract for the sale of the property in question. The parties had dealt with one another upon the basis of an oral understanding that defendants would construct a house for plaintiff on land owned by defendants. According to the trial judge, the understanding was extremely general and the specific nature of defendants' obligation with respect to what was to be included in the finished house was left vague and uncertain. The trial court concluded that there "was no meeting of the minds." The trial court found that the earnest money agreement, although complete in form, was not meant to memorialize the agreement of the parties but was intended only to provide evidence which could be shown

to the lending agency in order to determine whether a loan was forthcoming.①

Having no transcript of testimony, we are not in a position to test the validity of the trial court's conclusion. Since the trial court found that there was no written contract and since defendants rest their claim to attorney's fees on one of the paragraphs of the alleged contract, it follows that defendants have established no foundation for the present appeal.

Decree affirmed.

---

① "* * * So I have no meeting of the minds on the written contract. Plaintiff can't accept it in its entirety, and the defendants don't accept it at all. I think it's somewhat obvious that the earnest money receipt—and I accept Mrs. Stroud's statement of the earnest money receipt—was just based on what I've heard here today; that it was merely nothing other than to get financing started in this case. * * *

"* * * I don't think that that earnest money that was signed was meant for any other purpose than to start financing in this case, and I don't think either party should be bound by any award of attorney fees and that instrument used for anything other than what it was supposed to be for. * * *."